**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

**DELIA VELESACA, individually and on behalf of other employees similarly situated, Plaintiffs**
**v.**
**F&F SEWING AND CUTTING, INC. and LIDIA BOROJAN, individually, Defendants**

### COLLECTIVE ACTION COMPLAINT UNDER FEDERAL AND ILLINOIS LAW

NOW COMES the Plaintiff, Delia Velesaca, individually, and on behalf of other employees similarly situated, (hereinafter, "Plaintiffs") through counsel, pursuant to 29 U.S.C. § 201 et seq., commonly known as the Fair Labor Standards Act (hereinafter, "FLSA"), 820 ILCS § 105/1 et seq., commonly known as the Illinois Minimum Wage Law (hereinafter "IMWL"), and 820 ILCS § 115/1 et seq., commonly known as the Illinois Wage Payment and Collection Act (hereinafter, "IWPCA"), and complains against F&F Sewing and Cutting, Inc. and Lidia Borojan (collectively, "Defendants") and in support of this complaint, states:

### JURISDICTION AND VENUE

1. This Honorable Court has subject matter jurisdiction over the federal wage claims through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce). This Honorable Court has supplemental jurisdiction over the Illinois wage claims through 28 U.S.C. § 1367 because they are so related to Plaintiff's claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

3. Plaintiff resides and is domiciled in Cook County, Illinois.

4. From approximately 2006 through June 30, 2016 Plaintiff was an "employee" as defined by the FLSA, the IMWL, and the IWPCA, and worked as a general laborer for Defendants.

5. Plaintiff, at all relevant times, was not exempt from the overtime provisions of the FLSA and IMWL.

6. During the course of employment, Plaintiff handled goods that moved in interstate commerce.

7. Plaintiff's FLSA collective action consent form is attached hereto as Exhibit A.

8. Defendant F&F Sewing and Cutting, Inc. (hereinafter, "F&F") is an "enterprise" as defined by the FLSA, owned and operated within this judicial district, and is, engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

9. F&F's annual gross volume of sales made or business done exceeds $500,000.00 exclusive of excise taxes.

10. Defendant Lidia Borojan is, and was during the limitations period, the owner and President of F&F, and was involved in the day-to-day operation of F&F, including the policies that give rise to Plaintiff's claims.

11. Defendants set Plaintiff's work schedule as six days a week, Monday through Friday, from 6:00am to 3:30pm, and on Saturday from 7:00am to 11:00am.

12. Defendants paid Plaintiff, on a bi-weekly basis, a regular rate of about $10.00 per hour at the time of her departure from employment with Defendants.

13. Defendant Lidia Borojan resides and is domiciled in this judicial district.

14. Defendants devised and maintained a companywide policy of failing to pay certain employees their earned overtime wages, and requiring employees to work off the clock.

15. Defendants' books and records are material to Plaintiff's action because they may disclose certain information about the hours worked by each employee and the rate of pay for that work.

## CLASS AND COLLECTIVE ALLEGATIONS

16. Plaintiff brings the federal claim of this Complaint through the collective action provision of the FLSA, 29 U.S.C. § 216(c).

17. Plaintiff will seek to certify, as a class action through Fed. R. Civ. P. Rule 23, the state law claims for Illinois-mandated overtime wages arising under the IMWL and for earned wages arising under the IWPCA. Plaintiff will ask this Honorable Court to determine the rights of the parties pursuant to those statutes and to direct the Defendants to account for all hours worked and wages paid to the class members during the temporality of the Class.

18. Plaintiff will seek class certification of state law claims because:

    A. The class of current and former employees of Defendants that Plaintiff seeks to represent is so numerous that joinder of all class members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants employed more individuals in Illinois during the relevant IMWL and the IWPCA Class Periods.

    B. The class representatives and the class members have been equally affected by Defendants' failure to pay proper wages.

    C. Furthermore, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

D. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation, whether Defendants failed to pay Plaintiff and the Class proper wages for all time worked and as agreed between the parties during the IMWL and IWPCA Class Period;

E. The class representatives, the class members, and Defendants have a commonality of interest in the subject matter and remedy sought. The class representatives are able to fairly and adequately represent and protect the interests of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the class members, this Honorable Court, and Defendants. Accordingly, a class action is necessary for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

F. Defendants violated the IMWL and IWPCA by refusing to compensate Plaintiff and the members of the Class in a proper manner.

## COUNT I – FLSA AND IMWL OVERTIME WAGE VIOLATION

19. The allegations contained in all preceding paragraphs of this Complaint are re-incorporated by this reference as if fully set forth herein.

20. Plaintiff and members of the Class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

21. Defendants did not compensate Plaintiff or members of the Class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

22. Defendants' failure and refusal to pay proper overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA and IMWL.

23. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA and IMWL.

WHEREFORE, Plaintiff, individually and on behalf of other employees similarly situated, ask this Honorable Court to enter judgment against Defendants for the following relief:

A. judgment in the amount of owed overtime wages for all time worked;

B. prejudgment interest;

C. liquidated damages;

D. reasonable attorneys' fees and costs incurred in prosecuting this action; and

E. any other relief this Honorable Court deems just.

## COUNT II - IWPCA VIOLATION

24. The allegations contained in all preceding paragraphs of this Complaint are re-incorporated by this reference as if fully set forth herein.

25. Plaintiff was not paid proper wages earned during the relevant time period worked for Defendant.

26. At any and all times relevant hereto, Defendants compensated its employees according to a weekly pay period. Accordingly, the IWPCA (820 ILCS 115/4) mandates that all wages earned by Plaintiff during any pay period were due not later than seven (7) days after the end of the pay period in which such wages were earned.

27. During the course of employment with Defendant, Plaintiff agreed with the Defendant, to be paid wages for all hours worked for Defendant.

28. The IWPCA (820 ILCS 115/2) defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation."

29. Defendant did not pay Plaintiff proper wages for all hours worked as agreed to by the parties.

30. Plaintiff was entitled to be compensated for all time worked as agreed between the Plaintiff and Defendants.

31. The Class that Plaintiff seeks to represent in regard to this claim against Defendants is composed of and defined as all persons who have been employed by Defendant and not properly paid wages as agreed between the parties.

32. Defendants' failure to pay Plaintiff proper wages for all time worked violated the agreement between the two parties and therefore violated the IWPCA.

WHEREFORE, Plaintiff, individually and on behalf of other employees similarly situated, ask this Honorable Court to enter judgment against Defendants for the following relief:

A. judgment for all unpaid wages and compensation due as provided by the IWPCA;

B. prejudgment interest pursuant to 815 ILCS § 205/2;

C. damages pursuant to 820 ILCS § 115/14(a);

D. reasonable attorneys' fees and costs incurred in prosecuting this action; and

E. any other relief this Honorable Court deems just.

Respectfully submitted,  **CONSUMER LAW GROUP, LLC**
6232 N. Pulaski, Suite 200
Chicago, IL 60646
By: **/s/ Susan J. Best**   PHONE: 312-445-9662
  Susan J. Best    FAX: 888-270-8983
EMAIL: sbest@yourclg.com